IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JASON ANTHONY HERRERA,

       Petitioner,

v.                                                                   CV 15-944 JB/WPL

JAMES MULHERON, Warden,

       Respondent.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

       James Anthony Herrera filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 for a Writ of Habeas Corpus, challenging the execution of his state sentence, specifically that he was allegedly kept incarcerated beyond his parole date. (Doc. 1.) Since Herrera's claim may be resolved on the basis of the filings, I have not conducted an evidentiary hearing. I recommend that the petition be dismissed as moot or otherwise denied.

### BACKGROUND

       On November 8, 2013, Herrera pleaded guilty to seven counts of fraud by worthless check, all felonies. (Doc. 7 Ex. B (Plea and Disposition Agreement).) The state court sentenced Herrera to a total of three years of incarceration and one year of parole. (*Id.* at Ex. A (Judgment and Order Suspending Sentence).) The state court suspended Herrera's sentence and ordered that he serve three years of supervised probation subject to enumerated conditions. (*Id.*) Herrera received thirty-six days of presentence confinement credit. (*Id.*) Herrera began serving his supervised probation on November 8, 2013, with an anticipated discharge date of October 2, 2016. (*Id.* at Ex. C (Order of Probation).)

On February 19, 2014, the State filed a Petition to Revoke Probation on the basis that Herrera violated several terms of his probation, including failing to attend required counseling sessions and testing positive for illegal drug use on several urinalyses. (*Id.* at Ex. E (Petition to Revoke Probation).) Herrera admitted to violating the terms of his probation and the state court revoked Herrera's probation on March 14, 2014. (*Id.* at Ex. G (Amended Order Revoking Probation, Imposing Judgment and Partially Suspending Sentence).) The state court ultimately ordered Herrera to serve sixty new days in custody, to be followed by two years and 142 days of supervised probation. (*Id.*) Herrera served his sixty days in custody and started the term of supervised probation on May 13, 2014. (*Id.* at Ex. H (Amended Order of Probation).)

On September 9, 2014, the State filed a second Petition to Revoke Probation on the basis that Herrera again violated several terms of his probation, including failure to attend required counseling sessions and testing positive for illegal drug use on several urinalyses. (*Id.* at Ex. I (Petition to Revoke Probation).) Herrera did not contest the probation violations. (*Id.* at Ex. J (Order Revoking Probation, Imposing Judgment, Partially Suspending Sentence and Unsatisfactorily Discharging from Probation).) On November 7, 2014, the state court ordered Herrera to serve eighteen months in custody. (*Id.*)

Herrera filed this petition on October 21, 2015, at which time he was still incarcerated. Herrera claimed that he completed his sentence on August 12, 2015, because he received a ninety day good time credit. (Doc. 1.) Herrera claims that he had no available state court remedies because of a procedural rule in New Mexico that causes habeas petitions to "take[] a minimum of nine (9) months" to wend through the state system. (*Id.* at 2.) Additionally, Herrera asserts that "local courts have ignored immediate release habeas petitions filed by other

convicts." (*Id.*) Herrera requests that this Court order his immediate release from custody such that he may begin serving his term of parole.

Herrera was released on parole on November 13, 2015, with his parole to expire on May 29, 2016. (Doc. 7 Ex. K (Certificate of Parole).)

### LEGAL STANDARD

"Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *Schell v. OXY USA Inc.*, 808 F.3d 443, 448 (10th Cir. 2015) (quoting *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1109 (10th Cir. 2010). "When a party seeks only equitable relief, as here, past exposure to alleged illegal conduct does not establish a present live controversy if unaccompanied by any continuing present effects." *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996) (citing *Beattie v. United States*, 949 F.2d 1092, 1094 (10th Cir. 1991)). A request for equitable relief becomes moot when that relief is otherwise granted. *See Boyce v. Ashcroft*, 268 F.3d 953, 954-55 (10th Cir. 2001) (citing cases for the proposition that a habeas petition requesting that prisoner be transferred becomes moot when the prisoner is transferred without court action).

Additionally, before bringing a § 2241 petition, the petitioner must exhaust all available state and administrative remedies. *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (citing *Coleman v. Thompson*, 501 U.S. 722, 731 (1991)). The exhaustion requirement is excused only if exhaustion would be futile. *Garza v. Davis*, 596 F.3d 1198, 1203-04 (10th Cir. 2010) (citing *Fazzini v. NE Ohio Corr. Ctr.*, 473 F.3d 229, 235-36 (6th Cir. 2006); *Fairchild v. Workman*, 579 F.3d 1134, 1155 (10th Cir. 2009)). A § 2241 petition should be dismissed if the

petitioner failed to exhaust state and administrative remedies and did not meet the futility threshold. *Woods v. Arellano*, 381 F. App'x 873, 875 (10th Cir. 2010) (unpublished).

## DISCUSSION

As a preliminary matter, Herrera was released on parole on November 13, 2015. (Doc. 7 Ex. K.) This is exactly the relief he requested. Accordingly, I recommend that the Court find that Herrera's petition is moot and dismiss the petition.

Were the Court to conclude that Herrera's petition is not moot, I recommend that the Court deny the petition based on Herrera's failure to exhaust. In his petition, Herrera complains of the "procedural morass" involved in pursuing a habeas petition in state court. (Doc. 1 at 2.) Herrera indicates that he has no remedies available to him in state court, despite noting that the state court process is time-intensive. He includes no other information related to the exhaustion of remedies: he does not claim to have filed any kind of formal or informal petition with the detention facility or the state parole board, and does not claim to have filed suit in the state court. Therefore, Herrera's petition is self-defeating. *See Montez*, 208 F.3d at 866.

## CONCLUSION

For the reasons stated herein, I recommend that Herrera's Petition for Writ of Habeas Corpus (Doc. 1) be dismissed as moot or otherwise denied for the failure to exhaust remedies. Additionally, I recommend that the Court DENY Herrera a certificate of appealability. *See id.* at 867-68 (noting that state prisoners must obtain a certificate of appealability to appeal from a district court's order denying a habeas petition for detention arising out of process issued by a state court).

> **THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

*/s/ William P. Lynch*
WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.